UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH ANTHONY GONZALES, a/k/a JOE ANTHONY GONZALES, individually and d/b/a BREAKTIME BILLIARDS<br><br>Defendants. | No. 1:13-cv-01485 AWI-GSA<br><br>**ORDER PERMITTING SUPPLEMENTAL BRIEFING AND/OR DECLARATIONS**<br><br>(Doc. 13) |

On September 13, 2013, Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") filed a complaint against Defendant Joseph Anthony Gonzales (a/k/a Joe Anthony Gonzales) ("Defendant"), individually and doing business as Breaktime Billiards, alleging, *inter alia*, violations of federal telecommunications statutes. Doc. 1. Pending before the Court is Plaintiff's motion for default judgment. Doc. 13. Plaintiff's motion for default judgment states that "[n]either the Defendant nor anyone acting on Defendant's behalf filed an Answer or any other responsive pleading to Plaintiff's duly served complaint." Doc. 13-1 at 2.

Plaintiff has filed a proof of service of the summons and complaint on the Defendant.

Doc. 5. The proof of service indicates that Defendant was served by means of substituted service at Breaktime Billiards, 304 McHenry Avenue, Modesto, CA 95354. *See* Docs. 5 at 1, 13-3 at 2. John Shackleford, a registered process server with Rezac Meyer Attorney Service, submitted a declaration with the proof of service. Doc. 5 at 3. Mr. Shackleford states that, in an effort to personally serve the Defendant, he went to Breaktime Billiards on November 20 and 21, 2013, but the business was closed. Doc. 5 at 3. He went to the business for a third time on November 22, 2013, when he effected substituted service on Antonio Quejas—Person in Charge." Doc. 5 at 1, 4. He also mailed the papers to Breaktime Billiards on November 25, 2013. Doc. 5 at 4.

      Plaintiff appears to have attempted to serve Defendant at Breaktime Billiards because a California Department of Alcoholic Beverage Control license ("liquor license") lists Defendant as the primary owner of Breaktime Billiards. *See* Doc. 13-3 at 4. Indeed, Plaintiff's complaint asserts that Defendant "is the sole individual specifically identified on the California [Department of] Alcoholic Beverage Control license issued for Breaktime Billiards (ABC #481985)." Doc. 1 at 3. The Court, however, has reservations about the sufficiency of service on Defendant at Breaktime Billiards solely on the basis of the liquor license issued to this establishment.

      The liquor license was issued on September 24, 2009 and expired on August 31, 2012. *See* Doc. 13-3 at 4. The alleged illegal telecast underlying Plaintiff's telecommunications piracy claims occurred on September 22, 2012. Doc. 1 at 4. The substituted service at issue took place over a year after that, on November 22, 2013. Doc. 5. Both the alleged illegal telecast and the substituted service took place after the liquor license identifying Defendant as the owner of Breaktime Billiards had expired. Indeed, the substituted service at issue here took place over a year after the liquor license had expired.

      Therefore, to the extent that Plaintiff maintains that the substituted service was made in accordance with Federal Rule of Civil Procedure 4(e)(1) and California Code of Civil Procedure

§ 415.20(b), the Court is not satisfied that the information before it establishes that Defendant was the owner of Breaktime Billiards, and, in turn, that Breaktime Billiards was Defendant's "usual place of business" for purposes of § 415.20(b), on November 22, 2013, when the substituted service was effected.  *See* Cal. Code of Civ. P. § 415.20(b).

The Court hereby permits Plaintiff to submit supplemental briefing and/or declarations to demonstrate that the substituted service at Breaktime Billiards was proper under Federal Rule of Civil Procedure 4(e).  Any supplemental documentation shall be submitted no later than June 27, 2014.  Plaintiff is advised that failure to submit supplemental documentation will likely result in the denial of his pending motion for default judgment.  The Court will re-set the hearing on Plaintiff's motion for default judgment or take the matter under submission, after reviewing any additional briefing and/or declarations submitted by Plaintiff.

IT IS SO ORDERED.

Dated:  **June 6, 2014**                              **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE